*E-Filed 11/5/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RUBEN J. RUIZ, | No. C 11-3126 RS (PR) |
| Plaintiff, | **ORDER DISMISSING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; FURTHER BRIEFING** |
| v. | |
| CORRECTIONAL OFFICER M. SAWAYA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed a pro se prisoner complaint under 42 U.S.C. § 1983, arguing that defendant M. Sawaya used excessive force upon him, in violation of the Eighth Amendment, and defendants N. Daharsh and J. Shaw were deliberately indifferent to his safety, in violation of the Eighth Amendment. On October 20, 2011, the Court ordered service upon all three defendants regarding the excessive force claim. The Court inadvertently omitted its finding that plaintiff stated a cognizable claim against defendants N. Daharsh and J. Shaw for deliberate indifference.

On June 18, 2012, defendants filed a motion for summary judgment, appropriately addressing only the excessive force claim. Defendants' motion is DISMISSED without prejudice to re-filing a motion for summary judgment which addresses both the excessive

force and the deliberate indifference claims. Plaintiff's motion for an extension of time to file his opposition is DENIED as moot.

## CONCLUSION

1. Defendants' motion for summary judgment is DISMISSED without prejudice to re-filing. Plaintiff's motion for an extension of time to file an opposition is DENIED as moot.

2. No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to plaintiff's excessive force and deliberate indifference claims.

   a. If defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

   b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

4. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on Defendants' counsel, by mailing a true copy of the document to Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

This order terminates docket numbers 36 and 46.

**IT IS SO ORDERED**.

DATED: November 5, 2012

RICHARD SEEBORG
United States District Judge